IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| Air Force Veteran Jerry Paul Carroll, Age 82 | ) ) ) |
| Plaintiff | ) ) ) CIVIL ACTION FILE NUMBER |
| v. | ) ) _____ |
| Metropolitan Life Insurance Company a/k/a, Brighthouse Life Insurance Company a/k/a, MetLife Services and Solutions, LLC a/k/a, MetLife Dental Insurance a/k/a, MetLife Group, Inc. a/k/a, MetLife, Inc. a/k/a New England Life Insurance Company a/k/a, MetLife Insurance Company of Connecticut, a/k/a General American Life Insurance Company a/k/a, Metropolitan Tower Life Insurance Company a/k/a, MetLife Investors Life Insurance Company a/k/a, First MetLife Investors Life Insurance Company a/k/a, MetLife Investors USA Insurance Company a/k/a, Delaware American Life Insurance Company a/k/a, MetLife Home Loans, LLC, successor by Merger to MetLife Bank, N.A., and their attorneys, officers, agents, and assigns | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants | ) ) |

## **NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Metropolitan Life Insurance Company ("MetLife"), incorrectly named and sued as "a/k/a, Brighthouse Life Insurance Company a/k/a, MetLife Services and Solutions, LLC a/k/a, MetLife Dental Insurance a/k/a, MetLife Group, Inc. a/k/a, MetLife, Inc. a/k/a New England Life Insurance Company a/k/a, MetLife Insurance Company of Connecticut a/k/a, General American Life Insurance Company a/k/a, Metropolitan Tower Life Insurance Company a/k/a, MetLife Investors Life Insurance Company a/k/a, First MetLife Investors Life Insurance Company a/k/a, MetLife Investors USA Insurance Company a/k/a, Delaware American Life Insurance Company a/k/a, MetLife Home Loans, LLC, successor by Merger to MetLife Bank, N.A., and their attorneys, officers, agents, and assigns," hereby removes this action from the State Court of Muscogee County, State of Georgia, where the case is currently pending, to the United States District Court for the Northern District of Georgia, Columbus Division. As grounds for removal, MetLife states as follows:

## STATE COURT ACTION

1.     This action was commenced on August 30, 2023 in the State Court of Muscogee County, State of Georgia, in the action titled *Air Force Veteran Jerry Paul Carroll, Age 82 v. Metropolitan Life Insurance Company a/k/a, Brighthouse Life Insurance Company a/k/a, MetLife Services and Solutions, LLC a/k/a, MetLife*

2

Dental Insurance a/k/a, MetLife Group, Inc. a/k/a, MetLife, Inc. a/k/a New England Life Insurance Company a/k/a, MetLife Insurance Company of Connecticut a/k/a, General American Life Insurance Company a/k/a, Metropolitan Tower Life Insurance Company a/k/a, MetLife Investors Life Insurance Company a/k/a, First MetLife Investors Life Insurance Company a/k/a, MetLife Investors USA Insurance Company a/k/a, Delaware American Life Insurance Company a/k/a, MetLife Home Loans, LLC, successor by Merger to MetLife Bank, N.A., and their attorneys, officers, agents, and assigns, Case No. SC2023CV001022 (hereinafter referred to as the "State Court Action").

2.    Of the entities named in the caption of Plaintiff's Complaint, MetLife is the only entity which has been served with the Summons and Complaint. (*See* Sheriff's Entry of Service, contained within **Exhibit** B). MetLife is <u>not</u> "also known as" any of the other entities listed in the caption, which, to the extent they exist, are separate legal entities. Additionally:

(a) MetLife, Inc. is the holding corporation of Metropolitan Life Insurance Company; MetLife Group, Inc.; Metropolitan Tower Life Insurance Company; Delaware American Life Insurance Company; and MetLife Home Loans, LLC, successor by Merger to MetLife Bank, N. A.

(b) MetLife Services and Solutions, LLC is a wholly-owned subsidiary of MetLife Group, Inc.

(c) General American Life Insurance Company merged with and into Metropolitan Tower Life Insurance Company.

(d) No subsidiary of MetLife Inc. exists by the name of "MetLife Investors Life Insurance Company."

(e) No subsidiary of MetLife Inc. exists by the name of "MetLife Dental Insurance."

(f) On information and belief, First MetLife Investors Insurance Company[1] (now Brighthouse Life Insurance Company of NY), Brighthouse Life Insurance Company, New England Life Insurance Company, MetLife Insurance Company of Connecticut, and MetLife Investors USA Insurance Company are all direct or indirect subsidiaries of Brighthouse Financial, Inc. Brighthouse Financial, Inc., separated from MetLife, Inc., in 2017 and is not affiliated with MetLife, Inc., or its subsidiaries.

3.    Plaintiff's State Court Action seeks:

(a) "actual damages in an amount to be shown at trial" (Complaint, Prayer for Relief, ¶ (B));

(b) "punitive damages" (*id.*)

---

[1] Erroneously referred to as "First MetLife Investors Life Insurance Company" in the Summons and Complaint.

(c) "special damages" for "past, present, and future dental/medical expenses and past[,] present, and future loss of income and earnings" (*id.* at ¶ (C));

(d) "compensatory damages" for "physical and emotional pain and suffering, permanent disfigurement, physical impairment, pecuniary and non-pecuniary damages, suffering from his injuries remaining untreated . . . which correlate with the impairments suffered since the date of injury, needed accommodations and loss of enjoyment of life" (*id.* at ¶ (D)); and

(e) reimbursement for "expenses that occurred by the Defendants' negligence and wantonness."

4.    Plaintiff's Complaint is cast in five counts, four of which allege various monetary damages Plaintiff claims MetLife is responsible for, specifically:

(a) Count I alleges "MetLife collected about $233,407.01[2] by Elder financial Exploitation that was due Plaintiff" (Complaint, ¶ 22);

(b) Count II alleges MetLife failed to pay $1,000 to a dentist on Plaintiff's behalf (*id* at ¶ 23);

(c) Count III alleges MetLife's purported "residential mortgage fraud events" caused Plaintiff to pay "in excess of $37,000.00" more in mortgage payments than he should have paid (*id.* at ¶ 24); and

---

[2] In Paragraph 4 of his Complaint, Plaintiff alleges that MetLife prevented him from earning $233,407.01 "by concealing that Plaintiff had a paid-in-full life insurance policy thereby seizing those profits for MetLife. . . ."

(d) Count V alleges MetLife "caus[ed] Plaintiff's needed dental work to go possible more than $30,000" and caused Plaintiff "to have to pay more than $37,000.00 in VA Home Loan residential mortgage fraud overcharges." (*Id.* at ¶ 25).

5.     In his Complaint, Plaintiff also claims that he "was accepted by the University of Georgia School of Pharmacy but could not afford the tuition and books because his life insurance policy was concealed by MetLife, limiting his earnings by about $70,000 annually since 1975." (*Id.* at ¶ 15).

### PROCEDURAL REQUIREMENTS

5.     MetLife has satisfied all procedural requirements of 28 U.S.C. § 1446 and thereby removes the State Court Action to the United States District Court for the Middle District of Georgia, Columbus Division, pursuant to 28 U.S.C. §§ 1332 and 1441.

5.     Removal to Proper Court. Pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446(a), this Notice of Removal is being filed in the United States District Court for the Middle District of Georgia, Columbus, which is part of the "district and division" embracing the place where this action was filed–Muscogee County, Georgia.

6.     Removal Is Timely. Plaintiff served a copy of the Summons and Complaint on MetLife via its registered agent on September 7, 2023. A copy of the Notice of Service of Process is attached as **Exhibit A**. MetLife has therefore

removed the State Court Action within the 30-day time period provided in §1446(b)(1).

7.    Signature. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

8.    Pleadings and Process. True and correct copies of all documents filed in the State Court Action are attached hereto as **Exhibit B**.

9.    Notice. A copy of this Notice of Removal will be filed with the clerk of the State Court of Muscogee County, State of Georgia, as required by 28 U.S.C. § 1446(d).

## STATUTORY REQUIREMENTS – 28 U.S.C. § 1331

10.    This Court has Jurisdiction. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because: (a) Plaintiff is a citizen of the State of Alabama, residing in Phenix City, Alabama, (b) MetLife is organized and existing under the laws of the State of New York with its principal place of business in New York, and (c) the amount in controversy exceeds $75,000, exclusive of interest and costs.

11.    Consequently, this matter is removable under 28 U.S.C. §1441(a) and (b).

12.    MetLife is filing concurrently herewith a copy of this Notice of Removal with the clerk of the State Court of Muscogee County, State of Georgia, thereby effecting removal pursuant to 28 U.S.C. § 1446(d).

13.    MetLife is filing concurrently herewith the civil cover sheet and has made payment of the required filing fee.

14.    Accordingly, this Court has jurisdiction over this action which should proceed as an action properly removed to it.

15.    MetLife submits this Notice of Removal without waiving defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

### CONCLUSION

WHEREFORE, Defendant Metropolitan Life Insurance Company respectfully requests the above-captioned action now pending in the State Court of Muscogee County, State of Georgia, be removed to the United States District Court for the Middle District of Georgia, Columbus, and that the United States District Court for the Middle District of Georgia, Columbus assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

This 6th day of October, 2023.

*(signature page to follow)*

*s/ Nikole M. Crow*

Nikole M. Crow
Georgia Bar No. 198359

WOMBLE BOND DICKINSON (US) LLP
271 17th Street, N.W., Suite 2400
Atlanta, Georgia 30363-1017
(404) 872-7000 (telephone)
(404) 888-7490 (facsimile)
nikole.crow@wbd-us.com

*s/ Jason D. Wyman*

Jason D. Wyman
Georgia Bar No. 871980

WOMBLE BOND DICKINSON (US) LLP
550 South Main Street, Suite 400
Greenville, South Carolina 29601
(864) 255-5400 (telephone)
(864) 255-5440 (facsimile)
jason.wyman@wbd-us.com

## **CERTIFICATE OF SERVICE**

This is to certify that the foregoing pleading was filed electronically using the

CM/ECF system, and was served on the opposing party via United States Mail in an

envelope with adequate postage thereon properly addressed to:

Mr. Jerry Carroll
1611 21st Street
Phenix City, Alabama 36867

This 6th day of October, 2023.

s/ *Nikole M. Crow*
Nikole M. Crow